a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LAWRENCE PAUL BILLIMEK                    CIVIL DOCKET NO. 1:26-CV-00368
#36094-510,                                                            SEC P
Petitioner

VERSUS                                                        JUDGE EDWARDS

WARDEN F C I POLLOCK             MAGISTRATE JUDGE PEREZ-MONTES
SATELLITE CAMP,
Respondent

_____

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §

2241 filed by pro se Petitioner Lawrence Paul Billimek ("Billimek").  Billimek is

imprisoned at the Federal Correctional Institution in Pollock, Louisiana.  He

challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Billimek did not exhaust administrative remedies, the Petition should

be DISMISSED WITHOUT PREJUDICE.

I.      Background

Billimek is serving a 70-month sentence imposed in the United States District

Court for the Southern District of New York.  ECF No. 1 at 4.  Billimek alleges that

the BOP has miscalculated his sentence by failing to provide him with credit under

the First Step Act of 2018 (Public Law 115–391).  *Id.*

1

II.    Law and Analysis

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief).  The BOP has a four-step process for resolving prisoners' complaints.  *See* 28 C.F.R. § 542.10-542.79.  Proper exhaustion generally requires completion of all levels of review, including appeals to the Regional Director and General Counsel.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Williams v. Willis*, 765 F. App'x 83, 83-84 (5th Cir. 2019) (citations omitted); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).  A petitioner has the burden of demonstrating that an exception to the exhaustion requirement applies.  *See id.*

Billimek asserts that he filed an informal resolution, BP-8, which was denied.  ECF No. 7 at 2.  He proceeded to the  next step of the administrative remedy process by filing a BP-9 with the warden on November 4, 2025.  *Id.*  The warden's response, dated November 5, 2025, was not delivered to him until November 24, 2025.  ECF No. 7 at 2.  Billimek mailed a BP-10 appeal to the Regional Director, which was

received on December 22, 2025.  ECF No. 7-1 at 2.  On January 6, 2026, the Regional Office rejected the appeal as untimely.  ECF No. 7-1 at 1.

Billimek alleges that administrative remedies should be considered unavailable because he made a good faith attempt at exhausting.  *Id.* at 3.  He also asserts that further attempts to exhaust would be futile.  *Id.*

Billimek blames his untimely appeal on the delay in receiving the Warden's rejection.  However, the Regional Office afforded Billimek 20 days from the date he received the Warden's denial to submit his appeal, not the date the Warden signed the document.  ECF No. 7-1 at 1 ("Warden's response was received on 11/24/25, therefore [BP-10] due by 12/14/25").  So Billimek was not penalized for the warden's delay.

Billimek also alleges that he promptly mailed his BP-10 when he received the Warden's denial, and that a delay in the prison mail must account for the appeal not being received by the Regional Office until December 22, 2025.[1]  Still, the Regional Office gave Billimek 10 additional days to re-submit the appeal with evidence that the delay was not his fault.  ECF No. 7-1 at 1.  Billimek could have provided the Regional Office with evidence showing when the BP-10 form was submitted for mailing.  He did not.

Billimek's failure to comply with the BOP's administrative remedy process does not make the process futile or unavailable.  Even the likelihood that the BOP

---

[1] Billimek provides a copy of the BP-10 form showing a date of November 24, 2025, written above the date line.  The actual date line on the form appears obscured or overwritten in a way that makes it impossible to read.  ECF No. 7-1 at 2.

will deny relief does not make exhaustion futile.  *See Quamey v. Warden, FCI Yazoo City II*, 3:25-CV-429, 2026 WL 684820, at *2 (S.D. Miss. Feb. 17, 2026), *recommendation adopted*, 2026 WL 679175 (S.D. Miss. Mar. 10, 2026); *Wy v. Berkebile,* 3:08-CV-1894, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008).

### III.    Conclusion

Because Billimek failed to exhaust administrative remedies, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 7) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, June 1, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE